ORIGINAL

EDWARD H. KUBO, JR.      2499
United States Attorney

FLORENCE T. NAKAKUNI      2286
Chief, Criminal Division

MICHAEL K. KAWAHARA      1460
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Mike.Kawahara@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 0 2006

at _____ o'clock and _____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-0300JMS-10 |
| | ) | CRIM. NO. 06-0 135 JMS |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| VS. | ) | **[GILBERT GOMEZ]** |
| | ) | |
| LEANDRO GOMEZ, III, also (01) | ) | |
| known as "Leo", | ) | |
| NATHANIEL RUSSELL, also (02) | ) | |
| known as "Bobo" or "Bo", | ) | |
| PAMELA MAHEALANI NEWTON, (03) | ) | |
| JOHN CORNIEL, JR., (04) | ) | |
| CYRINAH L. AKEN, also (05) | ) | |
| known as "Cyrinah L. | ) | |
| Solomon", | ) | |
| CHARLES R.K. FARREN, (06) | ) | |
| REED KALEOOKALANI AKEN, (07) | ) | |
| SENIOR, | ) | |
| ROGER MANU BATES, also (08) | ) | |
| known as "Manu", | ) | |
| TIMOTHY JAMES SULLIVAN, (09) | ) | |
| also known as "Tim", | ) | |
| GILBERT GOMEZ, also (10) | ) | |
| known as "Glen", | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OF PLEA AGREEMENT</u>
<u>[GILBERT GOMEZ]</u>

Pursuant to Rule 11 of the Federal Rules of Criminal



Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, GILBERT GOMEZ (hereinafter "defendant" or "Gilbert

Gomez"), and his appointed attorney, Rustam A. Barbee, Esq., of

Honolulu, HI, have agreed upon the following:

     1.   Defendant acknowledges that he has been charged as

follows:

     (A) In the Second Superseding Indictment returned

February 9, 2006 (hereinafter "Indictment") in <u>USA v. Gomez, et.</u>

<u>al</u>., USDC-Hawaii Criminal No. 05-0300JMS, he is charged with the

following crimes:

     (1) <u>Count 1</u>: Conspiring with his named
defendants (charged as unindicted co-conspirators) to distribute
and to possess with intent to distribute five-hundred (500) grams
or more of a mixture or substance containing a detectable amount
of methamphetamine, its salts, isomers, and salts of its isomers,
said offense occurring from a time unknown to the Grand Jury up
through and including on or about July 21, 2005, in violation of
21 U.S.C. 846, 841(a)(1), and 841(b)(1)(A);

     (2) <u>Count 2</u>: Possession with intent to
distribute five-hundred (500) grams or more of a mixture or
substance containing a detectable amount of methamphetamine, its
salts, isomers, and salts of its isomers, said offense occurring
on or about May 13, 2005, in violation of 21 U.S.C. 841(a)(1) and
841(b)(1)(A);

     (3) <u>Count 3</u>: Possession with intent to
distribute five-hundred (500) grams or more of a mixture or
substance containing a detectable amount of methamphetamine, its
salts, isomers, and salts of its isomers, said offense occurring
on or about May 28, 2005, in violation of 21 U.S.C. 841(a)(1) and
841(b)(1)(A); and

     (4) <u>Count 4</u>: Possession with intent to
distribute five-hundred (500) grams or more of a mixture or
substance containing a detectable amount of methamphetamine, its

salts, isomers, and salts of its isomers, said offense occurring on or about June 9, 2005, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A).

Defendant has already received a copy of this Indictment.

(B) In the separate Information which has been filed and/or will be filed in <u>USA v. Gilbert Gomez</u>, USDC-Hawaii Criminal No. 06-0 135 JMS, he has been charged with the following felony crimes:

(1) <u>Count 1</u>: using a communication facility, to wit: a telephone, on or about May 26, 2005 to facilitate the distribution of methamphetamine in Hawaii, in violation of 21 U.S.C. 843(b);

(2) <u>Count 2</u>: using a a communication facility, to wit: a telephone, on or about May 27-28, 2005 to facilitate the distribution of methamphetamine in Hawaii, in violation of 21 U.S.C. 843(b).

Defendant has already received a copy of the Information. Defendant is further aware of his legal right to have these two felony charges asserted against him by way of Grand Jury Indictment, but after consultation with his undersigned counsel, he hereby waives that right and agrees that they may be brought against him by way of Information. In addition, to the extent that venue does not lie in the District of Hawaii to prosecute these charges in the Information against him, defendant hereby fully and unconditionally waives any venue objection and agrees that these charges in the Information shall be prosecuted against him in the U.S. District Court for the District of Hawaii.

(C) Defendant and the prosecution also agree that the two above-referenced criminal cases shall be consolidated for sentencing purposes.

2.   Defendant has read the charges and allegations against him contained in the Indictment and the Information, and these charges have been fully explained to him by his attorney. In making his decision to plead guilty, defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

3.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.   Defendant will enter voluntary pleas of guilty to Counts 1 and 2 of the Information (two counts of use of a communication facility to facilitate the distribution of methamphetamine). At the time of sentencing, the prosecution will dismiss the Indictment insofar as defendant herein is concerned.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters these pleas because he is in fact guilty of the crimes charged against him in the Information, and he also agrees that these pleas are voluntary and not the result

4

of force or threats.

7.  Defendant understands that the penalties for each
of the two offenses charged in the Information, to which he is
pleading guilty, include:

A.  A statutory term of imprisonment of up to four
(4) years, a fine of up to $250,000, or both, and a term of
supervised release of one (1) year in addition to any
imprisonment term adjudged.

(1) Defendant further understands and agrees
that in accordance with U.S. Sentencing Commission Guideline
5G1.2(d), given the aggregate drug quantity involved in these two
offenses (as set forth in paragraph 10 of this Agreement) and the
higher Guideline sentencing range associated with the offense
level based on this drug quantity, these maximum statutory
penalties shall be imposed upon him consecutively and not
concurrently.

B.  At the discretion of the Court, defendant may
also be denied any or all federal benefits, as that term is
defined in 21 USC §862, (a) for up to five years if this is
defendant's first conviction of a federal or state offense
consisting of the distribution of controlled substances, or (b)
for up to ten years if this is defendant's second conviction of a
federal or state offense consisting of the distribution of
controlled substances.  If this is defendant's third or more

conviction of a federal or state offense consisting of the

distribution of controlled substances, the defendant is

permanently ineligible for all federal benefits, as that term is

defined in 21 USC §862(d).

C.  In addition, the Court must impose a $100

special assessment as to each felony count to which the Defendant

is pleading guilty.  Defendant agrees to pay $100 for each count

to which he is pleading guilty to the District Court's Clerk's

Office, to be credited to said special assessments, before the

commencement of any portion of sentencing.  Defendant

acknowledges that failure to make such full advance payment in a

form and manner acceptable to the prosecution will allow, though

not require, the prosecution to withdraw from this agreement at

its option.

8.  Defendant admits the following facts and agrees

that they are not a detailed recitation, but merely an outline of

what happened in relation to the charges to which Defendant is

pleading guilty:

A.  On May 26, 2005 in Las Vegas, Nevada,

defendant spoke to Leandro Gomez on the telephone.  During this

telephone call, defendant agreed to Leandro Gomez's request that

he (defendant) pick up Reed Aken at the Las Vegas Airport and

drive Aken to his hotel.  Defendant at this time knew that: (i)

Reed Aken had traveled from Hawaii and was then in possession of

money, and (ii) this money was for the purpose of purchasing methamphetamine from Leandro Gomez, which drug to be distributed in Hawaii.  Defendant subsequently on May 26, 2005 picked up Aken and took him to his hotel.

B.  On May 27 or 28, 2005 in Las Vegas, Nevada, defendant again spoke to Leandro Gomez on the telephone.  During this telephone call, defendant agreed to Leandro Gomez's request that he (defendant) pick up Reed Aken at his hotel and take him to Leandro Gomez's residence.  Defendant at this time knew that the purpose of bringing Reed Aken to Leandro Gomez's residence was so Reed Aken could acquire a portion of the methamphetamine which was being purchased.  Defendant subsequently on May 27 or 28, 2005 picked up Reed Aken and took him to Leandro Gomez's residence.

C.  On May 28, 2005, Reed Aken traveled from Las Vegas to Hawaii.  During a stopover at the Los Angeles International Airport, police officers found Reed Aken to be externally bodycarrying the methamphetamine specified in paragraph 10(a)(1)(I) of this Agreement.  This methamphetamine was the initial installment of that purchased from Leandro Gomez with the money that Reed Aken had couriered to Las Vegas.

D.  On June 9, 2005, Leandro Gomez caused the remainder of the methamphetamine purchased with the money that Reed Aken had couriered to be sent in a parcel via United Parcel

Service from Las Vegas to Hawaii (hereinafter "subject parcel"). The subject parcel was seized by law enforcement personnel and found to contain the quantity of methamphetamine specified in paragraph 10(a)(1)(II) of this Agreement.

       9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

       10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

       a.  <u>Factual stipulations</u>:

       (1) <u>Quantity of methamphetamine involved in Offenses of Conviction</u>: As determined by the DEA Southwestern Laboratory, the methamphetamine involved herein was determined to be as follows:

8

I. **Methamphetamine found in defendant Reed Aken's possession at the Los Angeles International Airport on May 28, 2005**:

| Drug Ex.#: | Where Found: | Controlled Substance: | Net Wgt: | Pu- rity: | Pure Drug Wgt: |
|---|---|---|---|---|---|
| 1 | Body- carried | d-Methamphe- tamine HCl | 921.1 gm | 83% | 764.5 gm |

II. **Methamphetamine found in Subject Parcel on June 9, 2005**:

| Drug Ex.#: | Controlled Substance: | Net Wgt: | Pu- rity: | Pure Drug Wgt: |
|---|---|---|---|---|
| 4a-e | d-Methamphe- tamine HCl | 1,809 gm | 79% | 1,429.0 gm |

d-Methamphetamine Hydrochloride ("HCl") is a methamphetamine salt and a Schedule II controlled substance. For equivalency purposes, there are about 28.35 grams in one ounce, and approximately 453.6 grams in one pound.

      b.   Offense level stipulations:

      (1) Given the quantity of methamphetamine involved in the offenses of conviction, as described in the preceding subparagraph, defendant's Base Offense Level is "38" (1½ KG or more of "ice" and/or methamphetamine (actual)). See Guidelines 2D1.6 & 2D1.1(c)(1)).

      c. The United States Attorney agrees that Defendant's agreement herein to enter into guilty pleas constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates

moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.    The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

13.    The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the

grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.    The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.    If the Court imposes a sentence greater than specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.    The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the

11

previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.    The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a

12

trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be

13

able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f.  At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

17.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:   Honolulu, Hawaii, _____MARCH  10_____, 2006.

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

GILBERT GOMEZ
Defendant


FLORENCE T. NAKAKUNI
Chief, Criminal Division

RUSTAM A. BARBEE
Attorney for Defendant


MICHAEL K. KAWAHARA
Assistant U.S. Attorney